UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

WESTERN DIVISION                                  CIVIL ACTION NO. 3:20-CV-30109

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

JULIA KAN,
    Plaintiff

vs.

NORTHFIELD MOUNT HERMON
SCHOOL,
    Defendant

**COMPLAINT and
JURY TRIAL DEMAND**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## SUMMARY

Plaintiff, Julia Kan ("Ms. Kan"), files this suit seeking compensation for personal injuries she suffered as a result of the Defendant, Northfield Mount Hermon School's ("NMH") employees, agents and/or servant's negligence. In the fall of 2017, Ms. Kan attended NMH as a student. During this time, she electively treated with Johanna Callard, LICSW (Licensed Independent Clinical Social Worker) ("Ms. Callard"), a counselor employed by NMH, for individual counseling at the NMH health center. On October 2, 2017, Ms. Kan met with Ms. Callard for counseling. During this session, Ms. Kan denied any suicidal intent or plan. Ms. Callard repeatedly questioned her about any suicidal ideation. Ms. Kan made it very clear that she had no interest in harming herself. Ms. Callard pushed Ms. Kan to go to the hospital. Ms. Kan reluctantly agreed to go because she thought it was for a psychiatric evaluation for medication that she had agreed to the previous week.

Thereafter, she was approached by a police officer and brought outside to an ambulance. She was then transported by ambulance to Baystate Franklin Medical Center ("BFMC.") By the time she got to the emergency room at BFMC, Ms. Kan was overwhelmed and embarrassed. Ms. Callard had not explained to her that she was trying to admit her to an inpatient stay. Once it became clear to Ms. Kan that she was being evaluated for an inpatient admission, she was distraught and told Ms. Callard that she did not need to be admitted. Ms. Callard kept insisting to Ms. Kan that she was very depressed and suicidal. Ultimately, the medical doctor at BFMC determined that Ms. Kan was stable and did not meet the criteria for inpatient psychiatric admission. The doctor further determined that Ms. Kan was not a risk to herself or others.

After leaving the hospital, NMH placed Ms. Kan on medical leave because of concerns that she was suicidal and posed a danger to herself, and that she defied mental

health recommendations for inpatient treatment. Shortly thereafter, NMH expelled Ms. Kan based upon Ms. Callard's recommendations. As a result of NMH's negligence, Ms. Kan suffered severe emotional distress and other damages.

## PARTIES

1) The Plaintiff, Julia Kan ("Ms. Kan") is a natural person residing at 17A Block 1 The Great Hill # 8, Tury Wan Hill Road, Hong Kong, China.

2) The Northfield Mount Hermon School ("NMH") is a corporation with a principal place of business located at 1 Lamplighter Way, Mount Hermon, Massachusetts.

## JURISDICTION

3) This Court has jurisdiction because this matter involves a federal question pursuant to Title III of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12187.

## VENUE

4) Venue is proper because a party resides in this district pursuant to 28 U.S.C. § 1391.

## FACTS

5) In 2014, Ms. Kan enrolled as a freshman at NMH.

6) In April of 2017, Ms. Kan electively began meeting with Ms. Callard for individual counseling at the NMH health center.

7) At the all times relative to this Complaint, Ms. Callard was a Licensed Independent Clinical Social Worker.

8) At all times relative to this Complaint, Ms. Callard was an employee, agent and/or servant of NMH.

9) In the fall of 2017, Ms. Kan met with Ms. Callard for four sessions.

10) On October 2, 2017, Ms. Kan met with Ms. Callard.

11) At this meeting, Ms. Kan denied any suicidal intent or plan.

12) At this meeting, Ms. Kan made it very clear that she had no interest in harming herself.

13) At this meeting, Ms. Callard told Ms. Kan she needed to go to the hospital.

14) Ms. Kan reluctantly agreed to go to the hospital because she thought it was for a psychiatric evaluation for medication that she had agreed to the previous week.

15) Thereafter, Ms. Kan was approached by a police officer and brought outside to an ambulance.

16) Ms. Kan was then forced to lie down on a gurney and was strapped on the board.

17) Ms. Kan was transported by ambulance to Baystate Franklin Medical Center ("BFMC.").

18) Upon arrival at BFMC, Ms. Kan was embarrassed and humiliated.

19) When a crisis worker came to evaluate Ms. Kan, Ms. Callard inappropriately stayed in the examination room.

20) Ms. Callard gave non-verbal cues to responses to the crisis worker's questions.

21) Ms. Kan told Ms. Callard she did not need to be admitted for inpatient hospital admission.

22) Ms. Callard kept insisting that Ms. Kan was depressed and suicidal.

23) When Ms. Callard finally left BFMC, Ms. Kan asked for a re-evaluation.

24) The medical doctor at BFMC determined that Ms. Kan was stable and did not meet the criteria for inpatient psychiatric admission.

25) Ms. Kan was discharged the same day.

26) After leaving BFMC, NMH placed Ms. Kan on medical leave based upon the recommendations of Ms. Callard.

27) Thereafter, NMH expelled Ms. Kan based upon the recommendations of Ms. Callard.

28) As a result, Ms. Kan was forced to expend additional money to secure a spot as a student with another school, Chapel Hill Chauncy Hall ("CHCH.").

29) CHCH made it a condition of Ms. Kan's acceptance that she attend group therapy sessions and seek treatment with a psychiatrist.

30) Ms. Kan found these conditions to be excessive and humiliating.

31) Ms. Kan was forced to expend additional money for the therapy and treatment.

32) As a result of her expulsion from NMH, Ms. Kan began to experience physical symptoms of anxiety and intense and frequent panic attacks.

33) NMH refused to refund Ms. Kan for the 2017 school fees she paid.

## COUNT I
## NEGLIGENCE

34) Ms. Kan repeats and realleges the facts contained in the preceding paragraphs of this Complaint as though fully set forth herein.

35) Ms. Callard owed Ms. Kan a duty to take reasonable measures under the circumstances to protect her from self-harm.

36) Ms. Callard breached that duty when she took unreasonable steps and violated Ms. Kan's privacy and autonomy when she brought her to BFMC to be admitted for inpatient hospitalization.

37) As a direct and proximate result of Ms. Callard's breach of this duty, Ms. Kan suffered personal injuries, mental anguish, incurred bills and other costs.

38) As Ms. Callard's employer, NMH is vicariously liable for the actions of its employees, agents and/or servants.

WHEREFORE, Ms. Kan requests that this Court enter judgment in her favor and award her damages, interest, costs and attorney's fees and any other relief deemed appropriate and just.

## COUNT II
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

39) Ms. Kan repeats and realleges the facts contained in the preceding paragraphs of this Complaint as though fully set forth herein.

40) As a result of Ms. Callard's negligence, Ms. Kan suffered emotional distress.

41) Ms. Kan's emotional distress manifested by objective symptomatology as she experienced physical symptoms of anxiety and intense and frequent panic attacks.

42) A reasonable person in Ms. Kan's position would have suffered emotional distress under the circumstances of the case.

43) NMH is vicariously liable for the actions of Ms. Callard as it's employee, agent and/or servant.

WHEREFORE, Ms. Kan requests that this Court enter judgment in her favor and award her damages, interest, costs and attorney's fees and any other relief deemed appropriate and just.

## COUNT III
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

44) Ms. Kan repeats and realleges the facts contained in the preceding paragraphs of this Complaint as though fully set forth herein.

45) Ms. Callard intended, knew or should have know that her conduct would cause Ms. Kan emotional distress.

46) Ms. Callard's conduct was extreme and outrageous.

47) As a result of Ms. Callard's conduct, Ms. Kan suffered severe emotional distress.

48) NMH is vicariously liable for the actions of Ms. Callard as it's employee, agent and/or servant.

WHEREFORE, Ms. Kan requests that this Court enter judgment in her favor and award her damages, interest, costs and attorney's fees and any other relief deemed appropriate and just.

## COUNT IV
## DISABILITY DISCRIMINATION IN VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT (ADA), 42 U.S.C. § 12187

49) Ms. Kan repeats and realleges the facts contained in the preceding paragraphs of this Complaint as though fully set forth herein.

50) NMH is a private school that is considered a place of public accommodation under Title III of the Americans with Disabilities Act.

51) As a place of public accommodation, NMH may not discriminate against an individual on the basis of a disability.

52) NMH violated Title III of the Americans with Disabilities Act when it discriminated against Ms. Kan when it expelled her because of her disability.

53) As a result of NMH's violation of Title III of the Americans with Disabilities Act, Ms. Kan suffered damages.

WHEREFORE, Ms. Kan requests that this Court enter judgment in her favor and award her damages, interest, costs and attorney's fees and any other relief deemed appropriate and just.

## JURY DEMAND

Plaintiff hereby demands right to jury on all counts.

    PLAINTIFF,
    JULIA KAN
    By Her Attorney,

    /s/ John P. Connor
    John P. Connor, Esq.
    BBO#: 566927
    Stobierski & Connor
    377 Main Street
    Greenfield, MA 01301
    jconnor@stobierski.com
    Tel. (413) 774-2867
    Fax (413) 774-6551

Dated: July 7, 2020